## JOHN STEWART v. THE STATE.

*No. 1102. Decided November 6th, 1895.*

**1. Plea of Former Jeopardy—Rape—Incest.**

On a trial for incest, defendant pleaded former jeopardy, in that he had previously been tried for rape upon the person of the prosecutrix, and acquitted. This plea was stricken out on motion of the District Attorney. Held: No error, for, while the two offenses may grow out of the same transaction they are, nevertheless, distinct offenses, requiring different proof.

**2. Same.**

An acquittal for rape will not bar a prosecution for incest with the same party, where the transaction is the same.

**3. Evidence as to the Contents of Court Record Books.**

The best evidence of the contents of a court record, is a certified copy thereof, under the hand and seal of the clerk; and, it is error to permit parol evidence thereof.

**4. The Wife as a Witness—Cross-Examination—Harmless Error.**

On a trial for incest, where the wife of defendant was asked, on cross-examination, "If her daughter had not told her how defendant had treated her?" To which she answered, "No." Held: That the testimony, if inadmissible, was harmless.

**5. Incest—Prosecutrix as Witness—Accomplice Testimony—Charge of Court.**

On a trial for incest, where the evidence tends strongly to show, that the prosecutrix consented to the incestuous intercourse, she should, as to her testimony, be treated as an accomplice, and it is error for the court to fail to instruct the jury that they must find that her testimony has been corroborated before they can convict.

APPEAL from the District Court of McLennan. Tried below before Hon. SAM R. SCOTT.

This appeal is from a conviction for incest, the punishment being assessed at five years' imprisonment in the penitentiary.

The alleged incest was charged to have been committed with Mamie Tannehill, the daughter of defendant's wife by a former marriage. Appellant had been previously prosecuted for rape upon the said Mamie Tannehill, and acquitted. The commission of the two offenses, in the two cases, was alleged as of the same date in each indictment, viz: "On, or about the 15th of December, 1894." In answer to the indictment in this case, appellant pleaded in bar his former acquittal in the rape case. This plea was stricken out on motion of the District Attorney.

Mrs. Stewart, wife of defendant, and mother of Mamie Tannehill, had been divorced from her former husband, Tannehill, or at all events Tannehill being still alive, it became necessary, on this trial, to establish a divorce in order to establish that she was the lawful wife of the defendant, Stewart. This became apparent during the progress of the trial, and the court, on motion of the District Attorney, stopped and postponed the trial, over objection of defendant, for two days, to enable the State to procure this evidence of the divorce from Henderson County. But, the court house and all the records of the District Court of Henderson County had been burned, except the book of indexes of the cases in said court. At the renewal of the trial, the court permitted one Dean, clerk of the District Court of Henderson County, over objection of defendant, to testify that he had examined the index book aforesaid, and found in it the case of "W. G. Tannehill v. Annie Tannehill, judgment minute book H.", and that was all he knew of the case. The court also permitted W. G. Tannehill, as a witness, to testify that, he had procured a divorce from Annie Tannehill, in 1883, this also over objection of defendant.

Mamie Tannehill, the prosecutrix, testified substantially, that defendant had had carnal intercourse with her three times, and on each occasion it took place in the same bed-in which she and her mother and defendant were sleeping together. She testified that she did not call her mother, nor did she say anything to her about it.

Mrs. Stewart, wife of defendant and mother of the prosecutrix, testified: "I never heard anything about defendant mistreating her until the officer carried her up to the office of the Justice of the Peace. I never dreamed of such a thing."

The charge of the court omitted to instruct the jury as to the law of accomplice testimony, and the necessity of corrobation as to the testimony of the prosecutrix.

*Cunningham & Cunningham*, for appellant. The indictment upon which the first trial was had on which the plea of former acquittal was based, charged that "on or about December 15th, 1894, in McLennan County, Texas, the defendant did ravish and carnally know Mamie Tannehill." The indictment in this case charged that on the same

day, in the same county, "the defendant did carnally know Mamie Tannehill."

The plea stated that the offenses charged were the same.

The question here is, will an acquittal for rape bar a prosecution for incest, both indictments being predicated upon the identical same transaction? Or, in other words, can the State try a man for an offense, naming it rape, and upon his acquittal try him for the same criminal act, and call it incest? Or does the trial of one bar the other? The law is plain that for the "same offense," a person shall not be twice put in jeopardy. Bill of Rights, Sec. 14. The term "same offense," is defined by the Court of Appeals, in Hirshfield v. State, 11 Tex. Crim. App., 207, as follows: "The term 'same offense' means the same criminal act or omission, whether the offense be the same *eo nomine* or not."

The mind is driven to the irresistible conclusion that in this instance the two offenses charged denounce the same act, hence the acquittal for rape will bar a prosecution for incest. We are aware that in Mercer v. State, 17 Tex. Crim. App., 452, this court intimated that a party might be convicted for both offenses, but the decision of that case was based on other grounds, hence we must conclude such an expression was dictum, and uncalled for by the case before the court.

The court erred in stopping the trial of this cause on the evening of May 15th, and holding the jury empanelled until May 17th, in order to allow the State to send to Henderson County to procure testimony of a divorce between W. G. Tannehill and Annie Tannehill, because the State had made no effort to obtain such testimony, and could not have been surprised by the introduction of evidence of a former marriage of Annie Stewart, because such action evidently did and was calculated to lead the jury to believe that the court wished to see the defendant convicted.

The court erred in permitting J. T. Dean to testify orally over objection of defendant that he had examined the index book of the record of the District Court of Henderson County, and found the case indexed as follows: "W. G. Tannehill v. Annie Tannehill, judgment minute book H," because the index itself, or a certified copy thereof, would have been the best evidence.

The proposition that the index book, or a certified copy thereof, would have been the best evidence, is certainly not open to doubt. Rev. Stats., Art. 2255, Rule 9; Williams v. Davis, 56 Texas, 253; Bigham v. Talbot, 51 Texas, 450.

The court erred in failing to instruct the jury that if they believe from the evidence that Mamie Tannehill was an accomplice, then a conviction could not be had upon her uncorroborated testimony, because the evidence showed that if any offense had been committed as charged, then the said Mamie was an accomplice.

Mamie Tannehill testified that the defendant had intercourse with her on three different occasions, and that her mother was in the bed with them each time. That she made no outcry; did not wake her mother. Never told any one about it until the officers got hold of her and carried

her to the County Attorney's office and made her tell. She did not tell, because she did not want people to know it. That defendant never asked her not to tell; made no threats, but just got on and did it anyway. Dodson v. State, 6 S. W. Rep., 548; Pauline v. State, 1 S. W. Rep., 453; Clark v. State, 34 Tex. Crim. Rep., 120; Mercer v. State, 17 Tex. Crim. App., 452.

We assume as settled law in this State, that the court should charge the jury on every phase of the case made by the evidence, and that if the matter is called to the attention of the court upon which a charge is called for by the evidence and desired by the defendant, either by a written request or by an exception in due time, as was done in this case, if the charge should have been given, and was called for by the evidence, then a failure to give the charge is reversible error. Clark v. State, 34 Tex. Crim. Rep., 120. Under the evidence in this case, there can be no doubt as to the passive acquiescence of the said Mamie if any crime was ever committed.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant in this case was tried in the court below on a charge of incest, was convicted, and his punishment assessed at five years' confinement in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal. The appellant in this case filed a plea of former jeopardy. Said plea set up an indictment for rape by the appellant on the person of the prosecutrix in this case, and a verdict and judgment of acquittal in said cause. Appellant alleged that they were one and the same transaction, and set the same up in bar of this prosecution. On motion of the District Attorney the court struck out said plea, to which action of the court appellant excepted. In this there was no error. While the testimony might show that it was one and the same transaction, yet the offenses are distinct, and each requires a different character of proof. The same person might be innocent of the charge of rape, while in the same transaction he might be guilty of incest, and an acquittal for the rape does not bar a prosecution for the incest. There was no error in the delay of the court in sending for witnesses to prove the divorce of appellant from his former wife, of which appellant can complain. Appellant insists that the court committed an error in allowing the witness, Dean, to state before the jury that he had examined the index book and records of the District Court of Henderson County, Texas, and found the case indexed as follows: "W. Tannehill v. Annie Tannehill. Judgment. Minute Book H." This, in our opinion, was not the best evidence, but a certified copy of the entry, under the hand and seal of the District Clerk of Henderson County, should have been produced. Appellant also assigns as error the fact that the court permitted the District Attorney on cross-examination of the wife of appellant to ask her if she did not, at a certain time and place named, state to J. W. Taylor, in the presence of J. N. Gallagher, that her daughter,

Mamie, had told her of the way the appellant had treated her. This testimony, we think, was rendered legitimate on cross-examination by by testimony of the witness given on her direct examination. At any rate the witness answered "no," and her testimony was thus rendered harmless. Subsequently the State contradicted her by the witness, Gallagher; this contradiction was properly limited in the charge of the court.

The appellant complains in this case and assigns as error, the failure of the court to charge the jury on accomplice testimony. An examination of the statement of facts in this case discloses that the State's case was made out by the witness, Mamie Tannehill, the step-daughter of the appellant, and it also discloses that the said Mamie Tannehill occupies, in relation to the case, such an attitude as, in our opinion, rendered it necessary for the court to have given such a charge. Her evidence shows that the acts of copulation occurred in the same bed with her mother; that there were three such acts, and while she says that she resisted, and did all she could to prevent it, yet that he succeeded each time, and that her mother, who was lying by her side, was not disturbed. Her mother also testifies that she knew nothing of the transactions, and that she never had heard of them until the arrest of her husband. Other witnesses were in the adjoining rooms and close by, and they heard no disturbance. If the proof was clear that Mamie Tannehill was forced against her will to carnal intercourse, and there was no contrary proof, then she would not stand as an accomplice; would require no corroboration, and it would not be necessary, in such a case, for the court to charge on accomplice testimony; but this is not such a case, and at most, she stands in such a dubious attitude as consenting to the acts of copulation, as in our opinion, required the court to submit to the jury a charge on accomplice testimony. In this case, if there is such corroborative evidence, it is certainly of a weak character, and this rendered it the more imperative on the part of the court to have charged the jury that if they believed she was an accomplice, they must find that she was corroborated before they could convict the defendant. This was not done, and for this error, if for no other, the judgment in this case must be reversed, and it is accordingly ordered that this case be reversed and remanded. Watson v. State, 9 Tex. Crim. App., 237; Freeman v. State, 11 Tex. Crim. App., 92; Mercer v. State, 17 Tex. Crim. App., 452; Shelley v. State, 31 S. W. Rep., 492.

*Reversed and Remanded.*

DAVIDSON, Judge, absent.