THE STATE OF KANSAS V. WILLIAM LEARNED.

No. 14,711.   (85 Pac. 293.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Incest and Rape are Distinct Offenses.* A plea in bar of a prosecution for incest which sets forth that the defendant has been tried for, and acquitted of, the crime of statutory rape upon the same woman, for the same act, is not a good plea.

2. ——— *Discharge of One Joint Defendant Will Not Avail the Other.* Nor, in such a case, is it a good plea in bar or a sufficient ground for quashing the information that the action against the woman who was *particeps criminis* has, on request of the county attorney, been dismissed and abated as to her for the purpose of making her a witness for the state.

3. ——— *Incest—Girl under Eighteen.* A man may be guilty of incest with a girl under eighteen years of age.

4. —— *Information Held Sufficient.* A count of an informa-
tion which charges that at a certain time and place, within
the jurisdiction of the court, a man (naming him) and a
woman (naming her), he being a married man and the grand-
father of the woman, and she being an unmarried woman and
being his granddaughter, "did then and there unlawfully,
feloniously and incestuously have sexual intercourse with
each other" is sufficient, and it is not requisite to allege that
they committed adultery, or fornication, with each other.

Appeal from Stafford district court; JERMAIN W.
BRINCKERHOFF, judge.  Opinion filed March 10, 1906.
Reversed.

### STATEMENT.

ON the 20th day of April, 1905, the county attorney
of Stafford county, Kansas, filed an information in the
district court against William Learned and Bertha M.
Austin, charging, or attempting to charge, both of the
defendants jointly with incest with each other.  There
were six counts in the information.  The first count
charged that the offense was committed on the ——
day of July, 1903, the second count on the —— day of
November, 1903,  the third count on the —— day of
November, 1903.  The fourth and fifth counts charged
the offenses as having been committed on the —— day
of February, 1904, and subsequently to the 12th day of
the month.  The sixth count charged that the offense
was committed on the —— day of June, 1904.  Each
count, after the first, charged that the offense therein
alleged was separate and distinct from any offense
charged in any other count in the information.  At the
October, 1905, term of court, the case being called, the
county attorney requested the court to discharge
Bertha M. Austin, for the purpose of using her as a
witness in the action, which request was allowed.  She
was discharged, and the action was abated as to her.
Thereupon the defendant, Learned, filed his plea in bar
to the first five counts of the information, and, as
grounds therefor, alleged that prior to the 8th day of
February, 1905, an information had been duly filed
against him in the district court of Stafford county

charging him with the crime of statutory rape against the person of Bertha M. Austin; that on the 8th day of February, 1905, the court having full jurisdiction of the premises, he had been tried by a jury on the charge, and acquitted; that the offense of which he had been acquitted was the same as the offenses set out in counts 1, 2, 3, 4, and 5; and that he should not again be put in jeopardy so far as those counts were concerned. The state filed its answer and admitted the trial and acquittal of Learned as pleaded, but alleged that only one offense was charged in the former action, and that it was not the same offense as charged in counts 1, 2, 3, 4 and 5 in this action; that the former offense of which Learned was acquitted and the five offenses charged in the information in question were not the same in law nor in fact; and that the only matter involved in the former action was whether Learned had sexual intercourse with Bertha M. Austin prior to the 12th day of February, 1904, and subsequently to the 1st day of January, 1904. It was also alleged in the answer and admitted by the defendant that Bertha M. Austin became eighteen years of age on the 12th day of February, 1904. To this answer the defendant filed a general demurrer. On the hearing thereof the court sustained the demurrer, so far as the same related to counts 1, 2 and 3 of the information, abating the action as to those counts, and overruled the same as to counts 4 and 5. The state reserved the question as to the ruling on counts 1, 2, and 3. Thereupon the defendant filed a motion to quash the information as to counts 4, 5, and 6, which was allowed by the court, to which ruling the state excepted and reserved the question, and, being tendered leave to amend the information, elected to stand thereon, and brings the case to this court for review.

*C. C. Coleman,* attorney-general, *G. W. Alford,* county attorney, and *Ray H. Beals,* for The State; *C. G. Webb,* and *T. W. Moseley,* of counsel.

*Henry C. Sluss,* and *Fairchild & Lewis,* for appellee.

The State v. Learned.

The opinion of the court was delivered by

SMITH, J.: The distinctive ingredient of the crime of incest is the relationship of the parties, while the distinctive ingredient of the crime of statutory rape is the youthfulness of the female. The evidence necessary to convict of incest would not be sufficient to convict of statutory rape, as there need be no evidence as to the age of the female. On the other hand, evidence that would convict of statutory rape would not suffice to convict of incest, as the relationship is wanting. Hence the crimes, although committed by the same act, are different crimes; and a prosecution for one is no bar to a prosecution for the other. (*The State v. Patterson*, 66 Kan. 447, 71 Pac. 860.)

The plea in bar as to the first five counts of the information and the motion to quash the last three counts were based in part upon the dismissal of, and the abatement of the action as to, Bertha M. Austin, which was done for the purpose of using her as a witness against her codefendant, Learned. This ground is untenable. The two *participes criminis* were jointly charged, and one could be tried and convicted without the other. This is held to be the law, even in states where the concurrent consent of both parties is essential to constitute the crime. (16 A. & E. Encycl. of L. 135.) The case of *The State v. Hook*, 4 Kan. App. 451, 46 Pac. 44, which holds to the contrary, is disapproved.

Again, it is urged that the plea in bar, as to the first three counts of the information at least, should have been sustained, as the answer to the plea admitted that the girl was under eighteen years of age at the times each of these offenses were alleged to have been committed; that by our statute an essential ingredient of the offense is the joint criminality, and that it can be committed only by the concurrent consent of the man and the woman; and that by the laws of this state a female under eighteen years of age is incapable of consenting to sexual intercourse. The supreme courts of

several states have held that the assent of both to the act is essential, while in several other states it has been held that the consent of both is not essential. (16 A. & E. Encycl. of L. 135.) In all of the states which hold that the assent of both is not essential the statutes are very different from ours. No statute of any state has been found by the writer which seems more strongly to imply that the joint consent is requisite than our own. Our statute denounces the penalty against both equally. The statutes of some of the states do not.

The inquiry then arises, Can a girl under the age of eighteen years consent to an act of sexual intercourse with one within the degrees of relationship within which marriage is incestuous and void, and thus become guilty of incest? If not, why not? There is no statutory provision or common-law rule to the contrary. Section 2016 of the General Statutes of 1901, commonly called the age-of-consent law, simply provides that "every person who shall be convicted of rape, either by carnally and unlawfully knowing any female under the age of eighteen years, or," etc. This does not disqualify the female under eighteen years from consenting, but provides, in effect, that her consent is no defense; that notwithstanding her consent the act, on the part of the man, constitutes the crime of rape. (*The State v. Woods,* 49 Kan. 237, 30 Pac. 520; *The State v. White,* 44 Kan. 514, 520, 25 Pac. 33.) We answer the question in the affirmative. A female under the age of eighteen years may be guilty of the crime of incest.

The only question remaining is whether the motion to quash counts 4, 5 and 6 should have been allowed on the ground that the counts do not state the offense "with such a degree of certainty that the court may pronounce judgment upon conviction, according to the right of the case." (Gen. Stat. 1901, § 5551.) We answer this question in the negative. Section 2219 of the General Statutes of 1901 reads: "Persons within

The State v. Learned.

the degrees of consanguinity within which marriages are by law declared to be incestuous and void, . . . who shall commit adultery or fornication with each other, . . . shall upon conviction be punished," etc. These counts of the information, in addition to the time and venue of the alleged offense and the relationship of the parties, charged "that . . . one William Learned, being then and there a married man, and one Bertha M. Austin, being then and there an unmarried female, did then and there unlawfully, feloniously and incestuously have sexual intercourse with each other." It is said that the information must charge that they committed adultery, or fornication, with each other. It has been so frequently decided by this court that it is not requisite that the exact language of the statute be used, but that other language of like import may be employed, that the citation of the cases is unnecessary. The language used is the exact equivalent of the statutory words, and each of these counts contains "a statement of the facts constituting the offense, in plain and concise language, without repetition." (Gen. Stat. 1901, § 5545.)

"If a married man have criminal intercourse with his own daughter, she being a single woman, he is guilty of incestuous adultery, and she of incestuous fornication." (*Cook v. The State of Georgia,* 11 Ga. 53, 56 Am. Dec. 410, syllabus.)

The order of the district court sustaining the plea in bar as to counts 1, 2, and 3, the judgment thereon, and the order granting the motion to quash as to counts 4, 5, and 6, with the order of dismissal of the action, are vacated, and the case is remanded for further proceedings.

All the Justices concurring.