[Crim. No. 216.   Fourth Appellate District.—August 6, 1931.]

## THE PEOPLE, Respondent, v. S. H. McCOLLUM, Appellant.

Kendall B. Perkins and Edgar B. Hervey for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was charged with the crimes of incest and rape, in two counts of an information filed by the district attorney of Imperial County. The first count of the information charges the defendant with an act of intercourse with the prosecutrix, committed on January 15, 1931, alleging that the prosecutrix was "a female child of the age of 16 years, she . . . being then and there the daughter of the said defendant S. H. McCollum". The second count of the information is the conventional statutory rape charge, charging the offense to have been committed on January 15, 1931, and alleging the prosecutrix to have been "under the age of 18 years, and not then and there the wife of" said defendant. The defendant was tried by a jury, and only one act of intercourse, on January 15, 1931, was proved, although there was evidence of prior acts over a period of years. By the verdict of the jury the defendant was found guilty as charged in

count I of the information, and found not guilty of rape as charged in count II thereof. Defendant's motion for a new trial was denied and this appeal is from that order and from the judgment which followed.

The only point raised by appellant is that the verdicts of guilty as to the first count of the information and not guilty as to the second count, are inconsistent, conflicting and insufficient to support a conviction. It is claimed that the verdicts are inconsistent inasmuch as the elements of the two offenses are identical, in that they both depend upon one act of intercourse, and that the jury, by its verdict on the second count, found that the appellant had not committed the act of intercourse, and, therefore, that the essential element of the crime charged in the first count was not proved. In *People* v. *Day,* 199 Cal. 78 [248 Pac. 250, 252], the court said: "It may be conceded that if the two counts stated precisely the same offense that an acquittal upon one count would operate as an acquittal upon the other count. If, however, the statute describing one offense prescribes as an essential element the statement of a fact not prescribed by the statute describing the other offense, and if in the statement of the transaction in the different counts, that fact is included in the statement of the transaction based upon the statute requiring it, and omitted in the statement of the transaction based upon the statute not requiring it, the verdict of acquittal upon one of the counts is not necessarily an acquittal upon the other. In such a situation the jury may well find that the fact required as an essential element of one of the offenses is not true and therefore be required to render a verdict of acquittal upon that count, but, since that fact is not an essential element to constitute the other offense, be justified in rendering a verdict of guilty as to that count. It is not the great similarity in most of the facts constituting separate offenses but the presence of a fact necessary in one offense and absent in another that determines whether offenses are separate."

In the case before us the real question is whether the offenses charged in the two counts of the information are so identical that, in effect, the jury has found under one count that a certain act was done, and has found under another count that the same act was not done. We are

not able to agree with the appellant that that situation appears. It may be generally said that an acquittal on a charge of statutory rape does not necessarily involve an acquittal upon a charge of incest, where both charges grow out of the same transaction, since certain elements of the respective crimes are different. (Pen. Code, secs. 261, 285; *Stewart* v. *State*, 35 Tex. Crim. 174 [60 Am. St. Rep. 35, 32 S. W. 766].) While the first count of the information in this case alleged that the prosecutrix was of the age of sixteen years, that allegation was surplusage and had nothing to do with the crime of incest charged in that count. Age is not an element of that crime. It is also to be noted that the first count had no allegation that the prosecutrix was not the wife of the defendant, such an allegation not being necessary in alleging the crime therein charged. Appellant urges that the allegation that the prosecutrix was the daughter of the defendant is equivalent to an allegation that she was not his wife, since such a marriage would itself be incestuous under section 59 of the Civil Code. This allegation was necessary to show the relationship existing, and it need not be distorted into one neither necessary nor intended. On the other hand, the second count contained both an allegation that the prosecutrix was not the wife of the defendant, and one that she was under the age of eighteen years, both of these allegations being necessary elements of the crime of statutory rape.

In *People* v. *Andursky*, 75 Cal. App. 16 [241 Pac. 591], the defendant was charged with the crime of rape in the first count of an information and with a violation of the Juvenile Court Law, growing out of the same incident, in a second count. He was found guilty on the first count and not guilty on the second. The verdicts were held inconsistent because the verdict of not guilty on the second count necessarily held that the act charged in the first count did not take place. It was pointed out by the court, however, that a verdict of not guilty on the first count and guilty on the second count would not necessarily have been inconsistent, as the second count included matters not included in the first. Appellant relies upon that case and argues that in finding him not guilty on the second count the jury necessarily found that the act of intercourse, being

the same act of intercourse charged in the first count, did not take place. It does not certainly follow that the jury found that such an act of intercourse did not take place. To have found the defendant guilty of statutory rape as charged in the second count it was necessary for the jury to also find that the prosecutrix was under the age of eighteen years. No such a finding was necessary with respect to the first count. It may well be that the jury found that the prosecutrix was over the age of eighteen. Appellant points out that the prosecutrix testified that she was sixteen and one-half years of age. However, the prosecutrix was before them and the jury may not have believed her testimony. We think her testimony was not conclusive on the jury if, in their opinion, her appearance proved otherwise. Considering the verdicts alone, the most that may be said is that the jury found that all of the elements of statutory rape were not proved, and it may not be said that they found that one particular element, the act of intercourse, was not proved to have occurred. They may have found that it did occur, but under circumstances sufficient to bring it within the crime charged in the first count of the information. This view of the matter is strengthened by the fact that at the request of the defendant the court instructed the jury as follows: ''With respect to these two charges, to wit: the charges of rape and incest, you are instructed that under the law you cannot convict the defendant of both incest and rape under the evidence in this case. Should you find the defendant guilty of incest you must return a verdict of not guilty on the crime of rape, or, should you find the defendant guilty of rape, you must return a verdict of not guilty on the charge of incest.''

We think the presence of this instruction does away with any inference or conjecture that the verdict certainly was based upon a finding that no act of intercourse took place on the date in question. Without approving this instruction as a correct statement of the law, we may say that under its terms the jury would have been justified in bringing in a verdict of not guilty on the second count even had they believed that all of the elements of statutory rape had been proved. In any event, with the difference in the elements of the crimes charged, as above pointed out, we

conclude that the verdicts are not so inconsistent that an acquittal upon the second count operates as an acquittal on the first.

The defendant's guilt on the first count is overwhelmingly shown by the evidence, and the sufficiency of the evidence to support the conviction is not even questioned.

The order and judgment appealed from are affirmed.

Marks, J., and Griffin, J., *pro tem.*, concurred.