PEOPLE *v.* HAWK

1. Rᴀᴘᴇ—Iɴᴄᴇsᴛ—Iɴᴄʟᴜᴅᴇᴅ Oғғᴇɴsᴇs.
    Incest is not a lesser included offense of statutory rape; a *prima facie* case of statutory rape does not, of necessity, include a showing of any consanguinity between the parties, whereas such showing of consanguinity between the parties is essential to a *prima facie* case of incest (MCLA §§ 750.333, 750.520).

2. Rᴀᴘᴇ—Iɴᴄᴇsᴛ—Iɴᴄʟᴜᴅᴇᴅ Oғғᴇɴsᴇs—Iɴsᴛʀᴜᴄᴛɪᴏɴs ᴛᴏ Jᴜʀʏ.
    Instructing the jury that incest was a lesser included offense of statutory rape did not constitute reversible error where defendant made no objection to the instruction and the defendant suffered no manifest injustice from the instruction, as shown by the facts that defendant had been charged with statutory rape, the jury had been given the choice of six possible verdicts, and the defendant was found guilty as charged.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 June 10, 1971, at Detroit. (Docket No. 10324.) Decided September 28, 1971. Leave to appeal denied, 386 Mich 779.

Ardless Hawk was convicted of statutory rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs
[1, 2] 44 Am Jur, Rape § 17 *et seq.*
41 Am Jur 2d, Incest § 1 *et seq.*
Incest as included within charge of rape. 76 ALR2d 484.

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*William R. Stackpoole,* for defendant on appeal.

Before: Levin, P. J., and Quinn and V. J. Brennan, JJ.

Per Curiam. Defendant Ardless Hawk was charged with statutory rape (MCLA § 750.520 [Stat Ann 1954 Rev § 28.788]), whereupon he was convicted upon a jury verdict and sentenced to 10 to 20 years in prison. Defendant brings this appeal as of right, asserting instructional error and challenging the sufficiency of the evidence.

Defendant first contends the trial court erroneously charged the jury that incest (MCLA § 750.333 [Stat Ann 1954 Rev § 28.565]) was a lesser and included offense to statutory rape. He is correct. A *prima facie* case of statutory rape does not, of necessity, include a showing of any consanguinity between the parties. Such showing of consanguinity between the parties is, however, essential to a *prima facie* case of incest. Therefore, according to the language of *People* v. *Simpson* (1966), 5 Mich App 479, 486, we hold that incest is not a lesser and included offense to statutory rape.

Though having found error, we judge it not to be reversible. Defendant made no objection to the erroneous instruction and he shows no manifest injustice flowing therefrom. Examination of the instructions as a whole reveals that the jury was given the choice of six possible verdicts, and yet found the defendant guilty as charged.

We find no error in the trial court's instruction regarding the standard of evaluation for credibility

of witnesses. It is the mainstay of the jury function to determine who is truthful and who is not and who, therefore, should be believed.

Defendant contends that insufficient evidence was adduced at trial. His contention is belied by the record. Complainant's testimony not only constituted a *prima facie* case, but clearly revealed understanding of the meaning of the crucial element, "sexual penetration".

No reversible error shown. Affirmed.