491 A.2d 252

**COMMONWEALTH of Pennsylvania**

v.

**John Douglas WHITE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1984.

Filed April 4, 1985.

---

1. Brief for Appellant at 8–9.

Robert G. Yeatts, Assistant Public Defender, Mercer, for appellant.

James P. Epstein, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before CIRILLO, TAMILIA and MONTGOMERY, JJ.

TAMILIA, Judge:

Appellant was convicted by a jury of rape,[1] incest,[2] indecent assault,[3] and simple assault,[4] arising from a series of sexual assaults of his natural daughter. Post trial motions were timely filed and denied on May 3, 1983. Appellant was sentenced concurrently to 4 to 15 years for the rape conviction, 2½ to 5 years for the incest conviction and 1 to 2 years on the indecent assault conviction. Appellant filed a motion to modify sentence on the grounds that the rape and incest offenses merge for sentencing purposes.[5] This motion was denied on June 1, 1983, and the instant appeal followed. We affirm.

1. 18 Pa.C.S.A. § 3121(1), (2).
2. 18 Pa.C.S.A. § 4302.
3. 18 Pa.C.S.A. § 3126(1).
4. 18 Pa.C.S.A. § 2701(a)(1).
5. The sentencing judge held that the indecent assault conviction did not merge with the rape or incest convictions since it arose out of a separate incident that occurred on November 25, 1981. There was no sentence imposed on appellant's simple assault conviction as the sentencing judge found that it merged with his rape conviction because all three offenses occurred during the November 5, 1981 incident (S.T., May 5, 1983, 34–35).

■ Appellant first contends that the lower court erred in imposing concurrent sentences for the offenses of rape and incest since both offenses arose out of a single act. Specifically, appellant contends that applying the "same transaction" test of *Commonwealth v. Ayala*, 492 Pa. 418, 424 A.2d 1260 (1981), the crimes of rape and incest must merge for sentencing purposes as they arose from a single act of intercourse. In support of this claim, appellant cites several cases where the offense of rape was deemed to have merged with other criminal offenses, such as indecent assault and statutory rape. *See, e.g., Commonwealth v. Bryant*, 247 Pa.Super. 460, 372 A.2d 917 (1977); *Commonwealth v. Usher*, 246 Pa.Super. 602, 371 A.2d 995 (1977). However, these cases can be distinguished from the matter before us as none of them specifically involve the merger of the crimes of rape and incest.

> The test for determining whether one offense merges into another for purposes of sentencing is whether one crime necessarily involves the other. In order for one crime to necessarily involve the other, the essential elements of one must also be the essential elements of the other. (citations omitted)

*Commonwealth v. Williams*, 290 Pa.Super. 209, 215, 434 A.2d 717, 720 (1981). *See also Commonwealth v. McCusker*, 363 Pa. 450, 70 A.2d 273 (1950); *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A.2d 920 (1941). Therefore, where one statutory provision requires proof of a fact which another does not, an act which is a violation of both provisions will constitute two separate offenses which do not merge. *Commonwealth v. Tarver*, 493 Pa. 320, 325, 426 A.2d 569, 572 (1981), quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). *See also Commonwealth v. Staples*, 324 Pa.Super. 296, 471 A.2d 847 (1984).

■ While our appellate courts have adopted the so-called "Blockburger" test for ascertaining legislative intent in merger/double jeopardy cases, this test is less than perfect.

Although the Blockburger test is simply stated, it is subject to more than one interpretation, depending on the statutes involved. When one of the two statutes involved is a necessarily lesser included offense of the other, application of the Blockburger test will always raise the presumption that the two statutes involve the 'same offense.' Problems arise, however, when one statute is not a lesser included offense of the other.

*People v. Robideau,* 419 Mich. 458, 471, 355 N.W.2d 592, 597 (1984) (abandoning *Blockburger* test and returning to "traditional" means of determining legislative intent). Since *Blockburger* has been adopted by our Supreme Court, we are bound to apply it to this case. However, we are cognizant of its limitations and mindful that the polestar of our analysis is to ascertain the legislative intent of the statutes at issue.

Applying this standard to the situation before us, we note that the crime of incest is defined in 18 Pa.C.S.A. § 4302 as follows:

§ 4302. **Incest**

A person is guilty of incest, a misdemeanor of the first degree, if he knowingly marries or cohabits or has sexual intercourse with an ancestor or descendant, a brother or sister of whole or half blood or an uncle, aunt, nephew or niece of the whole blood. The relationships referred to in this section include blood relationships without regard to legitimacy, and relationship of parent and child by adoption.

The crime of rape is defined in 18 Pa.C.S.A. § 3121 as follows:

§ 3121. **Rape**

A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse:

1) by forcible compulsion;

2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

3) who is unconscious; or

4) who is so mentally deranged or deficient that such person is incapable of consent.

Upon comparison of the above two criminal statutes, it becomes apparent that the rape statute requires proof of the elements of force, threat of force, unconsciousness or mental derangement, while the incest statute does not. Moreover, the incest statute requires kinship while the rape statute does not. Additionally, it is significant that these crimes are codified in different sections of the Crimes Code. Incest is codified in Chapter 43, which is titled "Offenses Against the Family", while rape is codified in Chapter 31, which is titled "Sexual Offenses", raising the implication that rape and incest constitute separate injuries to the peace and dignity of the Commonwealth and thus may be punished separately. *Commonwealth v. Adams*, 296 Pa.Super. 24, 28, 442 A.2d 277, 279 (1982). The incest statute protects children from parental or familial sexual abuse and lessens the chance of genetic defects while promoting the solidarity of the family unit. The rape statute, on the other hand, is intended to prohibit *forcible*, nonconsensual intercourse and applies to *all* victims.

In reviewing the doctrine of merger in this Commonwealth, we note that it has been traditionally applied to lesser included, constituent offenses which are codified in the same statute. *See Commonwealth v. Martin*, 316 Pa.Super. 190, 462 A.2d 859 (1983) (criminal conspiracy merges with attempted rape since both are inchoate crimes under Chapter 9 of the Crimes Code); *Commonwealth v. Flynn*, 314 Pa.Super. 162, 460 A.2d 816 (1983) (indecent assault merges with rape since both are sexual offenses under Chapter 31 of the Crimes Code; theft merges with burglary under Chapter 39); *Commonwealth v. Smith*, 313 Pa.Super. 138, 459 A.2d 777 (1983) (merger of several sexual offenses); *Commonwealth v. Boykin*, 276 Pa.Super. 56, 419 A.2d 92 (1980) (rape merges with involuntary deviate sexual intercourse). *See also Commonwealth v.*

*Brown*, 290 Pa.Super. 448, 434 A.2d 838 (1981).[6] Since the crimes of rape and incest have different elements that do not necessarily involve one another, and protect different societal interests, we conclude that the lower court was correct in holding that they do not merge for sentencing purposes, even if one crime was committed during the perpetration of the other.[7]

■ Appellant, citing *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976), also argues that because his convictions for rape and incest arose from a single act of sexual intercourse, the imposition of duplicitous, albeit concurrent, sentences for these distinct crimes violates the double jeopardy clause of the United States Constitution. This claim has no merit because here, unlike the situation in *Walker*, which dealt with two mutually exclusive crimes (i.e., rape and statutory rape), the Commonwealth suffered two injuries from appellant's single act in that appellant not only engaged in forcible intercourse with an individual who was not his spouse, but also engaged in intercourse with a descendant.

In *Commonwealth v. Tarver*, *supra*, our Supreme Court stated:

The constitutional prohibition of double jeopardy has been held to consist of three separate guarantees: (a) protection against a second prosecution for the same offense after an acquittal; (b) protection against a second prosecution for the same offense after conviction; and (c) protection against multiple punishments for the *same*

---

6. We note that crimes which are not lesser included offenses and are not codified in the same statute merge under the felony-murder doctrine. *See Commonwealth v. Fortune*, 305 Pa.Super. 441, 451 A.2d 729 (1982) (merger of rape and second degree murder). Obviously, a felony-murder situation is distinguishable from the instant case.

7. This reasoning is followed in several other jurisdictions. *See, e.g., McGee v. People*, 160 Colo. 46, 413 P.2d 901 (1966); *People v. Hawk*, 36 Mich.App. 147, 193 N.W.2d 177 (1971); *People v. Hopkins*, 38 Misc.2d 459, 238 N.Y.S.2d 485 (1963); *State v. Allen*, 50 N.C.App. 173; 272 S.E.2d 785 (1980); *State v. Harvell*, 45 N.C.App. 243, 262 S.E.2d 850 (1980); *Wood v. State*, 72 Okla.Cr. 364, 116 P.2d 728 (1941). *But see, e.g., People v. Bales*, 189 Cal.App.2d 694, 11 Cal.Rptr. 639 (1961). *See also* Annot., 76 A.L.R.2d 484 (1961).

offense. *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *U.S. v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).... The double jeopardy provision does not restrain the legislature in its role in defining crimes and fixing penalties.

*Id.,* 493 Pa. at 324–325, 426 A.2d at 571–72. (emphasis added) Here, there is no double jeopardy violation as we have concluded that the same act of intercourse constitutes *separate* offenses, requiring separate punishments.

■ In *Commonwealth v. Norris,* 498 Pa. 308, 446 A.2d 246 (1982), our Supreme Court held that the imposition of concurrent sentences for rape and corruption of a minor *arising from the same act of intercourse* did not violate the double jeopardy clause. We find *Norris* to be persuasive authority as the crime of corruption of a minor, 18 Pa.C.S.A. § 6301, is very similar in its nature and purpose to incest. The fact that proof of incest rests on the element of kinship while corruption of minors requires proof of minority does not weaken our comparison since both offenses prohibit conduct where the perpetrator, through compulsion, takes advantage of the victim. Like incest, corruption of minors is codified in a separate chapter of the Crimes Code from rape, and both incest and corruption of minors emphasize the characteristics of the victim (i.e., the victim must be a relative or a minor), while rape does not. Since the crimes of rape and incest are not mutually exclusive and protect separate interests of the Commonwealth, we conclude that the imposition of concurrent sentences was proper. The facts in this case, discussed *infra,* disclose graphically why incest stands on its own as a distinct crime which has been universally condemned. To prevent the compulsion imposed by a family member on another to engage in sexual conduct, even if consensual, the crime of incest merits a discreet punishment.

Appellant next contends that the lower court abused its discretion in imposing a sentence of 4 to 15 years for the

offense of rape.[8]  Specifically, the appellant claims that the sentence was excessive when viewed commensurately with the nature of the offense, the protection of the public and the rehabilitative needs of the appellant.

It is well settled that Pennsylvania trial judges are vested with broad sentencing discretion with which the appellate courts will not interfere absent manifest abuse. *Commonwealth v. Green*, 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. Black*, 321 Pa.Super. 44, 467 A.2d 884 (1983).  In order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion. *Commonwealth v. Palmer*, 315 Pa.Super. 601, 462 A.2d 755 (1983); *Commonwealth v. Scarborough*, 313 Pa.Super. 521, 460 A.2d 310 (1983).  "A trial judge is required to state on the record his reasons for the particular sentence imposed and these articulated reasons should reflect the judge's consideration of the sentencing code, the circumstances of the offense, and the character of the offender." *Commonwealth v. Kane*, 315 Pa.Super. 212, 222, 461 A.2d 1246, 1250–51 (1983) (footnote omitted).  The statement of the court at the sentencing proceedings need not specifically cite or include the language of the sentencing code; it need only demonstrate that the court has considered the factors specified in the code. *Id.*, 315 Pa.Superior Ct. at 221, 461 A.2d at 1251; *Commonwealth v. Franklin*, 301 Pa.Super. 17, 446 A.2d 1313 (1982).

In the instant case, the sentence imposed, while rigorous, is within the statutory limits.[9]  After considering the appellant's past history of sexually abusing and beating his children, his prior criminal record and the recommendation of the Children and Youth Services counselor, the sentencing judge concluded that appellant should be incar-

8.  We note that this case is not subject to the sentencing guidelines, effective July 22, 1982, *see* 204 Pa.Code § 303.1 *et seq.*, 42 Pa.C.S. § 9721.

9.  18 Pa.C.S. § 1103(1) provides a 20 year maximum sentence for a felony of the first degree (i.e., rape).

cerated in order to both protect his family and further his rehabilitation. Moreover, the sentencing judge thoroughly set forth his reasoning on the record as required by *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), and its progeny. Accordingly, we conclude that the sentence imposed was not excessive and there was no abuse of discretion.

Finally, appellant contends that the evidence supporting his convictions of rape and incest was insufficient and contrary to the evidence and/or the weight of the evidence so as to require a new trial.

> In determining the sufficiency of the evidence, 'we view the entire record in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom favorable to the Commonwealth, determine whether there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt.' *Commonwealth v. Pronkoskie*, 498 Pa. 245, 248, 445 A.2d 1203, 1204 (1982). *See also Commonwealth v. Davis*, 308 Pa.Super. 204, 216, 454 A.2d 92, 98 (1982); *Commonwealth v. Price*, 306 Pa.Super. 507, 511, 452 A.2d 840, 842 (1982). '[I]t is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. The fact finder is free to believe all, part or none of the evidence.' *Commonwealth v. Nunez*, 312 Pa.Super. 584, 586, 459 A.2d 376, 377 (1983), quoting *Commonwealth v. Tate*, 485 Pa. 180, 182, 401 A.2d 353, 354 (1979).

*Commonwealth v. Henry*, 323 Pa.Super. 260, 262–263, 470 A.2d 581, 582 (1983). *See also Commonwealth v. Taylor*, 324 Pa.Super. 420, 471 A.2d 1228 (1984).

■ Applying the above standard to the instant case, we find that Marissa Diane White, age 20, a freshman student at Penn State University, was the natural daughter of appellant. In November, 1981, Marissa lived in the family home, a two story, four bedroom apartment, along with her seven younger brothers and sisters. When Marissa was 14 to 15 years of age, the appellant, who was head of the

household, began attempting to touch her breasts and genital areas. These actions were accompanied by threats of violence. As Marissa grew older, appellant proposed to engage in sexual intercourse with her. When Marissa reached her late teens, the frequency of appellant's sexual propositions increased.

The record discloses that the appellant, through beatings and threats thereof, forced the victim to engage in sexual intercourse and that the victim never voluntarily consented. At the age of sixteen, Marissa became impregnated by the appellant, who subsequently helped her obtain an abortion. On November 5, 1981, the appellant forced the victim to engage in sexual intercourse by beating her with a fan belt. Additionally, on November 25, 1981, the appellant fondled Marissa's breasts without her consent. The victim, on at least one occasion, reported this activity to her mother, who failed to take any effective action. Due to the nature of the crimes and the father-daughter relationship, Marissa never reported these incidents to anyone else. At trial, the appellant did not testify in his own behalf; however, the testimony of his wife contradicted Marissa's testimony regarding the time when Marissa first complained to her of the appellant's conduct.

Viewing the above evidence in the light most favorable to the Commonwealth, we find that there was sufficient evidence to sustain the jury's verdict beyond a reasonable doubt. Therefore, appellant's claim that the evidence was insufficient is dismissed.

As stated above, appellant also contends that his convictions were not supported by the evidence and/or the weight of the evidence in that the jury failed to accept the testimony of the appellant and his supporting witnesses. We conclude that this claim is without merit and agree with the lower court's finding that the testimony of the victim was not so incredible or so unreliable as to justify the granting of a new trial. It is well settled that even the uncorroborated testimony of a victim, if believed by the trier of facts, is sufficient to support a conviction despite

contrary evidence from defense witnesses. *Commonwealth v. Stone*, 284 Pa.Super. 364, 425 A.2d 1145 (1981). In the case before us, the jury could have properly based their determination on Marissa's testimony alone.

Accordingly, we affirm the judgment of sentence.