No. 59,476

STATE OF KANSAS, *Appellee*, v. GARY MOORE, *Appellant*.

(748 P.2d 833)

Opinion filed July 17, 1987.

*Bruce C. Barry*, of Bengtson, Waters & Barry, Chartered, of Junction City, argued the cause and was on the brief for appellant.

*Edwin A. Van Petten*, assistant attorney general, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Gary Moore was convicted by a jury of one count of rape, K.S.A. 1986 Supp. 21-3502, and one count of aggravated incest, K.S.A. 1986 Supp. 21-3603. He was sentenced to five to twenty years' and two to five years' imprisonment, respectively, to run concurrently. Defendant appeals, contending that the trial court erred in admitting into evidence prior sexual relations between him and the victim without a limiting instruction and in denying defendant's motions for mistrial and new trial based on statements by the prosecuting attorney in closing argument. Defendant also contends that aggravated incest is a lesser included offense of rape.

The basic facts are not in dispute. B.M. is the daughter of the defendant. B.M. testified that, from the time she was six to when she was twelve years old, the defendant had frequently engaged in sexual intercourse and oral sex with her. The defendant ceased this activity when B.M. threatened to tell her mother. The defendant and B.M.'s mother later separated.

In July 1984, the defendant indicated to B.M. that he was sorry that the prior sexual activities had occurred, and B.M. moved into the defendant's house in Alta Vista, Kansas. In August 1984, the defendant took B.M. to a beer keg party in Wabaunsee County. After they returned home, B.M. went to her bedroom and fell asleep. B.M. testified that she was awakened later in the night by the defendant, who entered her room and engaged in sexual intercourse with her, to which she did not consent and against which she did not resist out of fear. In August 1984, B.M. was sixteen years old.

We first consider defendant's contention that the crime of aggravated incest (K.S.A. 1986 Supp. 21-3603) is a lesser included crime of rape (K.S.A. 1986 Supp. 21-3502) and that, therefore, while he might be convicted of either aggravated incest or rape, he could not be convicted of both. K.S.A. 1986 Supp. 21-3107(2) provides:

"Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(a) A lesser degree of the same crime;

"(b) an attempt to commit the crime charged;
"(c) an attempt to commit a lesser degree of the crime charged; or
"(d) a crime necessarily proved if the crime charged were proved."

K.S.A. 1986 Supp. 21-3107(2)(a) was discussed in *State v. Long*, 234 Kan. 580, 675 P.2d 832 (1984). In *Long*, this court held that theft (K.S.A. 1986 Supp. 21-3701) is a lesser included offense of robbery (K.S.A. 21-3426), even though the two crimes contain separate and distinct elements, and thus would not fall under clause (d) of 21-3107. 234 Kan. at 587-92. This court found that robbery and theft were traditionally considered to be different degrees of the same generic crime of larceny, and that theft would therefore be an included crime of robbery under clause (a) of 21-3107. 234 Kan. at 590-92.

For purposes of K.S.A. 1986 Supp. 21-3107(2)(d), on the other hand, an offense is considered an included crime when "all [of the] elements necessary to prove the lesser offense are present and required to establish the elements of the greater offense." *State v. Coberly*, 233 Kan. 100, 107, 661 P.2d 383 (1983). If the lesser offense requires proof of an element which is not required of the greater offense, it is not a lesser included offense. *State v. Galloway*, 238 Kan. 415, 710 P.2d 1320 (1985); *State v. Daniels*, 223 Kan. 266, 573 P.2d 607 (1977). Under this test, the crime of rape has been held to include as lesser included offenses the crimes of aggravated assault (K.S.A. 21-3410), *State v. Lassley*, 218 Kan. 758, 545 P.2d 383 (1976); and indecent liberties with a child (K.S.A. 1986 Supp. 21-3503), *State v. Coberly*, 233 Kan. 100. The crimes of adultery (K.S.A. 1986 Supp. 21-3507), *State v. Platz*, 214 Kan. 74, 519 P.2d 1097 (1974); lewd and lascivious behavior (K.S.A. 1986 Supp. 21-3508), *State v. Davis*, 236 Kan. 538, 694 P.2d 418 (1985); and aggravated sexual battery (K.S.A. 1986 Supp. 21-3518), *State v. Galloway*, 238 Kan. 415, are not lesser included offenses of the crime of rape.

K.S.A. 1986 Supp. 21-3603 defines aggravated incest:

"(1) Aggravated incest is marriage to or engaging in any prohibited act enumerated in subsection (2) with a person who is under 18 years of age and who is known to the offender to be related to the offender as any of the following biological, step or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew or niece.

"(2) The following are prohibited acts under subsection (1):

"(a) Sexual intercourse, sodomy or any unlawful sex act, as defined by K.S.A. 21-3501 and amendments thereto; or

"(b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both."

## Rape is defined by K.S.A. 1986 Supp. 21-3502:

"(1) Rape is sexual intercourse with a person who does not consent to the sexual intercourse, under any of the following circumstances:

"(a) When the victim is overcome by force or fear;

"(b) when the victim is unconscious or physically powerless;

"(c) when the victim is incapable of giving consent because of mental deficiency or disease, which condition was known by the offender or was reasonably apparent to the offender; or

"(d) when the victim is incapable of giving consent because of the effect of any alcoholic liquor, narcotic, drug or other substance administered to the victim by the offender, or by another person with the offender's knowledge, unless the victim voluntarily consumes or allows the administration of the substance with knowledge of its nature."

The two crimes may both arise from an act of sexual intercourse. However, each of the crimes requires additional elements which are not required by the other crime. Aggravated incest requires that the prohibited sex act be performed with a victim under 18 years of age who is within the required degree of kinship, and that the offender is aware of the relationship. These elements are not required to convict a defendant of rape. Rape requires that the act of sexual intercourse be performed without the consent of the victim and that the victim's resistance has been overcome by force, fear, or another designated circumstance. These elements are not required to convict a defendant of aggravated incest. Aggravated incest is not a crime which is necessarily proved if the crime of rape is charged and proved.

Nor have incest and rape been traditionally considered to be different degrees of the same generic offense for purposes of K.S.A. 1986 Supp. 21-3107(2)(a). Rather, the crimes of incest and rape in Kansas and other states have been considered to be separate and independent crimes. In *State v. Learned*, 73 Kan. 328, 85 Pac. 293 (1906), the defendant was charged with six counts of incest. The defendant contended that the prosecution was barred since he had previously been convicted of charges of statutory rape arising from the same act of sexual intercourse. This court disagreed, stating:

"The distinctive ingredient of the crime of incest is the relationship of the parties, while the distinctive ingredient of the crime of statutory rape is the youthfulness of the female. The evidence necessary to convict of incest would

not be sufficient to convict of statutory rape, as there need be no evidence as to the age of the female. On the other hand, evidence that would convict of statutory rape would not suffice to convict of incest, as the relationship is wanting. Hence the crimes, although committed by the same act, are different crimes; and a prosecution for one is no bar to a prosecution for the other. (*The State v. Patterson*, 66 Kan. 447, 71 Pac. 860.)" 73 Kan. at 331.

In *Wiebe v. Hudspeth*, 163 Kan. 30, 32, 180 P.2d 315 (1947), this court again addressed the same issue of "whether one act of intercourse could be the basis of two charges—statutory rape and incest—providing the other elements of each offense were present." Relying upon *Learned*, the court held that the defendant could be charged in the same information with statutory rape and incest, even where the charges arose from a single act of sexual intercourse, and affirmed the defendant's convictions on both charges.

42 C.J.S., Incest § 1(c) states: "Rape and incest have been recognized as wholly different or independent offenses. The crime of incest is not a lower degree of the crime of rape, and is not included therein." *State v. Learned*, 73 Kan. 328, is one of the authorities cited for this statement. This work continues, stating that, in jurisdictions where mutual consent is not required as an element of incest, "the same act may constitute both rape and incest." 42 C.J.S., Incest § 1(c), p. 504. The present definition of aggravated incest in Kansas does not require mutual consent. K.S.A. 1986 Supp. 21-3603.

Other jurisdictions have also found that the crimes of rape and incest are separate offenses. In *State v. McCall*, 245 Iowa 991, 999-1000, 63 N.W.2d 874 (1954), the Iowa Supreme Court stressed the distinct nature of the two crimes:

"Rape is basically a crime of force perpetrated upon a female. It is always against her consent, either actual or conclusively presumed, as in the case of a female under the age of consent.

. . . .

"The crime of incest is fundamentally different from rape [because] incest is sexual intercourse between persons too closely related. It is comparable with adultery, which is sexual intercourse between persons one or both of whom are married to third persons."

*Stewart v. State*, 35 Tex. Crim. 174, 32 S.W. 766 (1895), held that a prior acquittal of the defendant on a charge of rape does not bar a subsequent prosecution on a charge of incest for the same act of sexual intercourse.

"While the testimony might show that it was one and the same transaction, *yet the offenses are distinct, and each requires a different character of proof.* The same person might be innocent of the charge of rape, while in the same transaction he might be guilty of incest, and an acquittal for the rape does not bar a prosecution for the incest." (Emphasis added.) 35 Tex. Crim. at 177.

The Supreme Court of Ohio addressed the issue of whether incest was "an inferior degree to the offense of rape" in *State v. Labus*, 102 Ohio St. 26, 32, 130 N.E. 161 (1921). The court held that incest was not a lesser degree of rape, stating: "In the popular sense, naturally, incest would be regarded as inferior in degree to rape; but that is not the legal significance attached to these words in criminal practice." 102 Ohio St. at 34. Rather, incest and rape were "inherently and essentially so different in their nature, character, and atrocity as to belong to an entirely different class of crimes." 102 Ohio St. at 33. See also *People v. Hawk*, 36 Mich. App. 147, 193 N.W.2d 177 (1971) (holding incest not a lesser included offense of statutory rape); *State v. Daniels*, 169 Ohio St. 87, 8 Ohio Op. 2d 56, 157 N.E.2d 736 (1959) (holding the crime of incest is neither a lesser degree of aggravated rape nor a lesser crime included within the crime of aggravated rape).

Other jurisdictions have also addressed the issue of whether a defendant may be convicted of both incest and rape for the same act of sexual intercourse. In *State v. Harvell*, 45 N.C. App. 243, 248, 262 S.E.2d 850 (1980), the court stated:

"By his third assignment of error, defendant contends the court erred in denying defendant's motion to merge the charges of incest and rape. We do not agree. Rape requires force, incest does not. Incest requires kinship, rape does not. Obviously, they are different offenses. They have different elements and are therefore distinct offenses even though one crime was committed during the perpetration of another."

Similarly, in *State v. Haston*, 64 Ariz. 72, 166 P.2d 141 (1946), the Arizona Supreme Court affirmed the defendant's convictions for rape and incest where both offenses arose from the same act of sexual intercourse.

The defendant in the present appeal makes one argument, analogizing the present case to that in *State v. Coberly*, 233 Kan. 100. In *Coberly*, this court held that indecent liberties with a child (K.S.A. 1986 Supp. 21-3503) was a lesser included offense of the crime of rape (K.S.A. 1986 Supp. 21-3502). 233 Kan. at 108. The analogy is not persuasive.

In *Coberly*, although the crime of indecent liberties with a child contains an element not required by the crime of forcible rape (that the victim is under 16 years of age), the crime of indecent liberties with a child nonetheless was held to be an included crime of rape. The court held that, under all the facts and circumstances of the case, proof of the charged crime of rape necessarily proved the crime of indecent liberties with a child.

*Coberly* is distinguishable from the present case. Aggravated incest requires proof, not only that the victim is under 18 years of age, but also that the offender and victim were within the required degree of consanguinity and that the offender was aware of the relationship. As noted earlier, the crimes of incest and rape have been recognized as protecting different interests. The crime of rape exists to punish—and deter—acts of sexual intercourse to which the female partner does not consent. The crime of incest exists to punish—and deter—sexual acts between close family members.

The legislature has recognized the distinct nature of the two offenses of rape and aggravated incest. Unlike rape and indecent liberties with a child, which are designated as "SEX OF-FENSES," K.S.A. 1986 Supp. 21-3502, -3503, the crime of aggravated incest belongs to a separate article of the criminal code, under which are classified "CRIMES AFFECTING FAMILY RELATIONSHIPS AND CHILDREN." K.S.A. 1986 Supp. 21-3603. Unlike *Coberly*, where no identifiable interest existed in punishing the defendant for the crimes of both rape and indecent liberties with a child, in the present case the separate charged offenses of rape and aggravated incest serve markedly different interests: the former by punishing an act of compelled, nonconsensual sexual intercourse; the latter by punishing the commission of an act of sexual intercourse upon a close family member.

In the present case, the defendant intruded upon both interests in forcing his daughter to engage in sexual intercourse with him, and each crime requires proof of elements not present in the other. We find, therefore, that aggravated incest is not a lesser included offense of the crime of rape and the defendant was properly convicted of both crimes.

The defendant next contends that the trial court erred in admitting evidence of prior sexual relations between him and the victim, B.M., without also granting a limiting instruction.

Prior to trial, the defendant filed a motion in limine, seeking to prevent the introduction of any testimony relating to "other alleged acts of sexual intercourse or sexual misconduct." The trial court overruled the motion, ruling that the State could introduce such evidence under K.S.A. 60-455, after first proffering it for a review by the trial court, or, independently of K.S.A. 60-455 and without an initial proffer, as evidence relevant under the Supreme Court ruling in *State v. Crossman*, 229 Kan. 384, 624 P.2d 461 (1981). At trial, the State exercised the latter option and, pursuant to *Crossman*, called B.M. as a witness, who testified that the defendant had frequently engaged in sexual intercourse and oral sex with her from the time she was six years old to the time she was twelve.

In *Crossman*, this court stated:

"[I]n cases of crimes involving illicit sexual relations or acts between an adult and a child, evidence of prior acts of similar nature between the same parties is admissible independent of K.S.A. 60-455 where the evidence is not offered for the purpose of proving distinct offenses, but rather to establish the relationship of the parties, the existence of a continuing course of conduct between the parties, or to corroborate the testimony of the complaining witness as to the act charged." 229 Kan. at 387.

Because the evidence was admissible independent of K.S.A. 60-455, a limiting instruction was not required. 229 Kan. at 386. In *State v. Green*, 232 Kan. 116, Syl. ¶ 4, 652 P.2d 697 (1982), the court followed *Crossman*, holding that evidence of a discordant marital relationship, including the defendant's prior violent acts and threats of death made against his wife, was admissible in a trial of the defendant for murder of his wife, independent of K.S.A. 60-455 and without a limiting instruction.

The present defendant's argument focuses only upon a statement by the court in *Green* that the counsel for the defendant in that case had not requested a limiting instruction. Therefore, he argues, since his counsel requested a limiting instruction, a different result is compelled.

The defendant misinterprets the basis for the court's holdings in *Crossman* and *Green*. Although it is true the defendant in *Green* had not requested a limiting instruction, that fact was not the basis for the court's holding. Rather, *Green* was based upon the high degree of relevance that the evidence had to corroborate the testimony of a witness as to the act charged, to establish the

relationship of the parties, or to establish the existence of a continuing course of conduct between the parties. *Green,* 232 Kan. at 120-21. As in *Crossman,* a key part of the defense in the present case was an attack upon the credibility of the victim's testimony. The *Crossman* court based its ruling, not upon the failure of the defendant to request a limiting instruction, but upon its finding that "[t]he entire complex family relationship, including prior sexual encounters between Lori and defendant, is highly relevant in this case" to the credibility of the victim's testimony. *Crossman,* 229 Kan. at 387.

Because, in the present case, evidence of prior sexual relations between the defendant and the victim was admissible independent of K.S.A. 60-455, no limiting instruction was required. 229 Kan. at 386. The request by the defendant for a limiting instruction does not compel a different result.

The defendant's final contention is that the State's attorney made two inappropriate remarks during his closing argument to the jury, and that the district court erred in denying the defendant's subsequent motions for a mistrial and for a new trial.

The first comment of the State's attorney cited as improper by the defendant is the following:

"In fact, the course of the whole defense in this case [B.M.] is made out to be quite a monster, a teenager who is totally uncontrollable. But until the defendant took the stand there's been no evidence whatsoever that he is in fact innocent and as the Court informed you you can decide if he's telling you the truth.

"I had the right to cross examine that man but if he'll lie for defense counsel he'll lie for me too.

"MR. BARRY: Your Honor, I would object to that.

"THE COURT: Sustained. The Jury will disregard that."

The second asserted improper remark was:

"You also heard Mr. Jones testify in response to questions from the defense as to how he reached his conclusions. That he also based some of his decisions on information that he had gotten from Oklahoma. Those were health care professionals also and they agreed and they believed [B.M.].

"MR. BARRY: Objection, Your Honor, that mischaracterizes the evidence.

"THE COURT: The Jury will recall what the evidence was."

An improper remark made by the prosecuting attorney during closing argument will not provide a basis for reversal when the jury has been instructed to disregard the remark, unless it was so prejudicial as to be incurable. *State v. Hollis,* 240 Kan. 521, Syl. ¶ 11, 731 P.2d 260 (1987); *State v. Pursley,* 238 Kan. 253, 265,

710 P.2d 1231 (1985); *State v. Johnson*, 229 Kan. 42, 45-46, 621 P.2d 992 (1981). Misconduct which consists of a prosecuting attorney "going outside the record or in commenting on inadmissible testimony in the heat of final argument must be so gross and flagrant as to deny the accused a fair trial." *State v. Thompson*, 221 Kan. 176, 183, 558 P.2d 93 (1976).

The analysis of this court in *Thompson* was summarized by the Court of Appeals in *State v. Dill*, 3 Kan. App. 2d 67, 75-76, 589 P.2d 634 (1979):

"(1) Is the misconduct so gross and flagrant as to deny the accused a fair trial (*i.e.*, are the objectionable statements likely to affect the jurors to the defendant's prejudice)? (2) Do the remarks show ill will on the prosecutor's part? (3) Is the evidence against the defendant of such a direct and overwhelming nature that it can be said that the prejudicial remarks of the prosecutor were likely to have little weight in the minds of the jurors?"

The jury was instructed to disregard the first comment by the State's attorney, and there is no indication that this instruction failed to cure any prejudice to the defendant. As to the second comment, we find it was not so gross and flagrant as to deny the defendant a fair trial.

The judgment is affirmed.