STATE of Tennessee, Plaintiff-Appellant,

v.

Joe Davis BRITTMAN,
Defendant-Appellee.

Supreme Court of Tennessee.

Sept. 27, 1982.

Gordon W. Smith, Asst. Atty. Gen., Nashville, for plaintiff-appellant; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

Joe B. Jones, Asst. Public Defender, Memphis, for defendant-appellee; A. C. Wharton, Jr., Shelby County Public Defender, Memphis, of counsel.

OPINION

BROCK, Justice.

The defendant had sexual intercourse with Vickie Jones, a female, who at the time was 10 years of age and who is the daughter of defendant's sister, Lillie Belle Jones. Based upon these facts as found by the jury, the defendant was convicted of two offenses, *viz.*, aggravated rape, for which he received a sentence of 20 years in the penitentiary and incest for which he was sentenced to imprisonment of not less than five nor more than ten years in the penitentiary. The Court of Criminal Appeals affirmed his conviction and sentence for rape but reversed his conviction for incest and dismissed that count of the indictment. We granted the appeal of the State to consider its contention that the Court of Criminal Appeals erred in concluding that convictions for both aggravated rape and incest could not properly be allowed to stand, based, as they were, upon the single act of intercourse.

We hold that the defendant was properly convicted of both aggravated rape and incest and that the Court of Criminal Appeals erred in reversing the conviction for incest.

In *State v. Black,* Tenn., 524 S.W.2d 913 (1975), this Court rejected the "same transaction" test for determining identity of offenses. We declined, however, to "attempt to formulate a rule to fit all possible situations," not finding the "formulation of the various 'tests' into catchwords, such as 'same transaction' or 'same evidence' . . . particularly helpful." Instead, we held that:

"The cases, from their nature, have to be dealt with by analysis of the particular situations as they arise.

\* \* \* \* \* \*

"[E]ach case requires close and careful analysis of the offenses involved, the statutory definitions of the crimes, the legislative intent and the particular facts and circumstances." 542 S.W.2d at 914, 919.

We have continued to adhere to the opinion and decision of *Black. State v. Briggs,*

Tenn., 533 S.W.2d 290 (1976); *State v. Campbell,* Tenn., 549 S.W.2d 952 (1977); *State v. Hudson,* Tenn., 562 S.W.2d 416 (1978). Again, we reaffirm the principles stated in *Black.*

Nevertheless, in the course of our opinion in *Black* we quoted with approval the test for determining the identity of offenses which was articulated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

> "Each of the offenses created requires proof of a different element. The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182.

In our opinion in *State v. Campbell, supra,* we relied upon and quoted with approval from *Gore v. United States,* 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). In *Gore,* the United States Supreme Court reaffirmed its decision in *Blockburger, supra,* observing that the three separate federal statutes violated by the two separate drug sales in question had "different origins both in time and in design," indicating "the determination of Congress to turn the screw of the criminal machinery . . . tighter and tighter." In *Gore,* the defendant urged that the court reconsider *Blockburger* by reading the various specific enactments by Congress as "reflecting a unitary congressional purpose to outlaw non-medicinal sales of narcotics," to which the court responded:

> "It seems more daring than convincing to suggest that three different enactments, each relating to a separate way of closing in on illicit distribution of narcotics, passed at three different periods, for each of which a separate punishment was declared by Congress, somehow or other ought to have carried with them an implied indication by Congress that if all three different restrictions were disregarded but, forsooth, in the course of one transaction, the defendant should be

treated as though he committed only one of these offenses." 357 U.S. at 390–91, 78 S.Ct. at 1283.

We now analyze the problem before us in light of the foregoing principles and precedents. At the time the offense in question was committed in 1979, the crime of aggravated rape was defined as follows:

> "Aggravated rape is unlawful sexual penetration of another accompanied by any of the following circumstances:

> \*    \*    \*    \*    \*    \*

> "(3) The victim is less than thirteen (13) years of age.
> "(b) Aggravated rape is a felony punishable by imprisonment in the penitentiary for life or for a period of not less than fifteen (15) years. If the victim is under thirteen (13) years of age, however, the minimum sentence for aggravated rape shall be twenty (20) years." T.C.A., § 39–3703.

In 1979 at the time the offense in this case was committed, incest was defined as follows:

> "No man shall marry or have carnal knowledge of his mother, his father's sister, his mother's sister, his sister, his daughter, the daughter of his brother or sister, the daughter of his son or daughter, his father's wife, his son's wife, his wife's daughter, the daughter of his wife's son or daughter. . . . Whoever shall commit any offense mentioned in this section shall be deemed guilty of incest, and shall undergo confinement in the penitentiary for a period not less than five (5) years nor more than twenty-one (21) years." T.C.A., § 39–705.

Clearly, each of the quoted statutory provisions requires proof of an additional fact which the other does not. Although each of the two offenses is committed by the act of sexual penetration, the offense of aggravated rape, in the circumstances of this case, requires proof that the offended female be less than 13 years of age, a fact not required by the definition of the other offense, incest. On the other hand, the incest offense requires that the act of intercourse

be with a female who bears one of the prohibited relations to the defendant, as in this case the offended female was the daughter of the defendant's sister, a fact not required by the definition of the offense of aggravated rape. Clearly then, under the *Blockburger* and *Black* principles for determining the identity of offenses, a single act of intercourse may violate two distinct statutory provisions, that prohibiting incest and the other prohibiting aggravated rape. Moreover, the two statutory provisions obviously serve different purposes; the one protects children under the age of 13 years from sexual penetration and the other prohibits marriage or sexual intercourse between persons related within the prohibited degrees. We have been cited to no evidence or authority to support the assertion by the Court of Criminal Appeals that "the legislature did not intend to allow a multiple conviction for two offenses in cases of this nature."

The courts in other jurisdictions that have considered this question have held that conviction or acquittal of rape does not bar a prosecution for incest based upon the same act. *State v. Proulx,* 110 N.H. 187, 263 A.2d 673 (1970); *People v. McCollum,* 116 Cal.App. 55, 2 P.2d 432 (1931); *State ex rel. Lawrence v. Burke,* 253 Wis. 240, 33 N.W.2d 242 (1948).

We conclude that the defendant was properly convicted in the trial court of the offense of aggravated rape as defined by T.C.A., § 39–3703, as that section existed in September, 1979, and of the offense of incest as defined by T.C.A., § 39–705, as it existed in September, 1979, but which is now defined by T.C.A., § 39–3712, and that the convictions for both offenses may properly stand as separate and distinct offenses justifying the separate and distinct punishments as fixed by the jury and approved by the trial judge. Accordingly, the judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court is in all things affirmed and reinstated.

Costs incurred on appeal are adjudged against the defendant.

FONES, C. J., and COOPER, HARBISON and DROWOTA, JJ., concur.