IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1998 SESSION

FILED

December 3, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9802-CC-00080 |
| Appellee, | ) | |
| | ) | RUTHERFORD COUNTY |
| VS. | ) | |
| | ) | HON. J.S. DANIEL, |
| TROY R. WALLS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

**FOR THE APPELLANT:**

**GERALD L. MELTON**
District Public Defender

**JEFFREY S. BURTON**
Assistant District Public Defender
201 West Main Street, Suite 101
Murfreesboro, TN 37130

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DARYL J. BRAND**
Senior Counsel
Criminal Justice Division
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM C. WHITESELL, JR.**
District Attorney General

**PAUL A. HOLCOMBE, III**
Assistant District Attorney General
303 Rutherford Co. Judicial Bldg.
Murfreesboro, TN 37130

**OPINION FILED:** _____

**CONVICTIONS VACATED; REMANDED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

A Rutherford County grand jury indicted defendant for aggravated rape, two counts of aggravated sexual battery, and rape of a child for incidents involving his young female cousin. A negotiated plea agreement allowed defendant to plead to one count of rape, a Class B felony, and one count of incest, a Class C felony. The agreed upon sentences were eight years for rape and three years for incest to be served consecutively as a Range I, standard offender. The sole issue on appeal is the trial court's denial of alternative sentencing. However, plain error dictates that the convictions be VACATED and the case REMANDED for further proceedings. The defendant pled guilty to incest which is neither a lesser included nor a lesser grade of child rape; nor do the acts of the defendant constitute the crime of incest.

**FACTS**

Defendant is the first cousin of the female victim, K.W.[1] He admitted having sexual contact with the victim during the spring or early summer of 1991, while she was visiting his home. Later that summer, defendant sexually penetrated the victim. At the time, he was fifteen years old; she was five. When defendant was eighteen and the victim was eight, sexual penetration again occurred.

**PROCEDURAL HISTORY**

Pursuant to a negotiated plea agreement, the state dismissed the two counts of aggravated sexual battery upon defendant's plea of guilty to the reduced charges of simple rape as a lesser offense of aggravated rape and incest as a lesser offense of child rape. Defendant agreed to consecutive eight and three year sentences.

---

[1]It is this Court's policy not to reveal the names of minor victims of sexual abuse.

The trial court denied defendant's application for alternative sentencing, and this appeal followed.

**GUILTY PLEA**

By agreement, defendant pled to and was found guilty of one count of rape and one count of incest. The agreed upon sentence was effectively 11 years with the question of alternative sentencing left to the trial court's discretion.

Our review of the guilty plea hearing and sentencing hearing reveals no discussion regarding the elements of the offense of incest. Rather, all parties apparently operated under the assumptions that: (1) incest was a lesser offense of child rape; and (2) the facts fit the crime of incest. Unfortunately, those assumptions were incorrect.

**A.**

Incest is neither a lesser included nor a lesser grade of the offense of rape of a child. An offense is a lesser included offense "only if the elements of the included offense are a subset of the elements of the charged offense and only if the greater offense cannot be committed without also committing the lesser offense." State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996). An offense is generally considered a lesser grade offense if it is codified within the same title, chapter and part of the Code. State v. Cleveland, 959 S.W.2d 548, 553 (Tenn. 1997).

Rape of a child requires sexual penetration involving a child under 13 years of age. Tenn. Code Ann. § 39-13-522. The incest statute proscribes sexual penetration between persons of an enumerated level of kinship, but makes no reference to age. Tenn. Code Ann. § 39-15-302. Each offense requires proof of an essential element that the other does not. Under Trusty, neither offense is a subset of the other. Additionally, as noted above, each offense is codified in a different chapter and part of the Code. This confirms that each provision protects

3

a different interest. The rape of a child statute protects children under age 13 from sexual penetration; incest prohibits sexual penetration between particular levels of family.

Thus, incest is neither a lesser included nor a lesser grade offense of rape of a child. *See* State v. Brittman, 639 S.W.2d 652, 654 (Tenn. 1982)(finding that incest and aggravated rape are two distinct offenses and that a defendant can be guilty of both as a result of a single act of intercourse).

This Court has previously vacated an incest conviction based upon a guilty plea when the indicted charge was rape. *See* State v. Jimmy D. Johnson, C.C.A. No. 03C01-9602-CC-00062, Blount County (Tenn. Crim. App. filed October 16, 1997, at Knoxville). Judge Joseph M. Tipton concluded that the defendant was convicted of an offense with which he was not charged. Id.

For these reasons, the incest conviction must be set aside. Furthermore, since the pleas to both rape and incest were entered pursuant to a plea agreement for an effective 11-year sentence, both convictions must be set aside. The parties may now proceed pursuant to the original indictment.

**B.**

A review of the guilty plea and sentencing hearings demonstrates that the victim is defendant's cousin. Contrary to the parties' assumption, we note that the incest statute does not include cousins within the proscribed level of kinship. *See* Tenn. Code Ann. § 39-15-302(a)(1),(2). Therefore, defendant's sexual conduct with K.W., as contemptible as it was, did not violate the incest statute. For this reason, we are reluctant to conclude that the indictment was impliedly amended by virtue of the guilty plea.[2]

**SENTENCING**

---

[2]In State v. Jimmy D. Johnson, *supra*, Judge Tipton discussed the need for a written amendment to an indictment.

In view of the need to remand for further proceedings, the issue of alternative sentencing is pretermitted. Nevertheless, we will briefly address this issue.

Our review of the sentence imposed by the trial court is de novo with a presumption that the determinations of the trial court are correct. Tenn. Code Ann. § 40-35-401(d); State v. Byrd, 861 S.W.2d 377, 379 (Tenn. Crim. App. 1993). The presumption of correctness which attaches to the trial court's action is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995).

Probation may be denied based solely upon the circumstances surrounding the offense. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995); State v. Hartley, 818 S.W.2d 370, 374 (Tenn. Crim. App. 1991). However, the circumstances must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree; and the nature of the offense must outweigh all factors favoring probation. Hartley, 818 S.W.2d at 374-75.

Although defendant is a Range I, standard offender, he was convicted of simple rape, a Class B felony, in addition to incest, a Class C felony. A conviction for a Class B felony negates the presumption that he is a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-25-102(6).

Given the presumption of correctness of the trial court's determinations, the denial of alternative sentencing was appropriate.

5

## CONCLUSION

Since the defendant entered a guilty plea to rape and incest with an agreed effective 11- year sentence, it is necessary to vacate both convictions and remand for further proceedings pursuant to the original indictment.

_____
 **JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**JOSEPH M. TIPTON, JUDGE**