IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2004

## WILLIAM HACKWORTH  v.  STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-C-1805     Seth Norman, Judge**

_____

**No. M2003-02148-CCA-R3-PC - Filed July 28, 2004**

_____

Petitioner, William Hackworth, pled guilty to four counts of incest and received an effective twelve-year sentence as a Range I offender.  Petitioner filed a *pro se* petition for post-conviction relief, alleging, in part, that his trial counsel was ineffective for failing to seek DNA testing in order to establish the paternity of the child borne of the victim in this case.  The trial court summarily dismissed the petition, finding that it was filed outside the one-year statute of limitations and that Petitioner was not entitled to post-conviction DNA analysis.  Petitioner appeals the trial court's denial of post-conviction relief.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Post-Conviction Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Anne M. Davenport, Nashville, Tennessee, for the appellant, William Hackworth.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

        The post-conviction petition and the trial court's order denying post-conviction relief both state that on May 3, 2001, Petitioner entered guilty pleas to four counts of incest.  However, neither the judgments of conviction nor the guilty plea hearing are part of the record on appeal.  On June 25, 2003, Petitioner filed his *pro se* petition, in which he concedes that the petition is barred by the statute of limitations, but asserts claims of ineffective assistance of counsel "bas[ed on] . . . the denial of DNA testing which could conclusively exonerate the Petitioner."  Specifically, Petitioner asserts in the petition that his trial counsel was ineffective for: (1) failing to seek DNA testing and advising Petitioner that he would have to pay for such testing; (2) advising Petitioner that his wife could testify against him; and (3) failing to advise Petitioner of the accomplice corroboration rule.

Petitioner further asserts that but for his trial counsel's erroneous advice, he would not have pled guilty and would have insisted upon going to trial.

In a written order denying post-conviction relief, the trial court summarily dismissed the petition, finding that Petitioner's claims of ineffective assistance of counsel were barred by the statute of limitations. *See* Tenn. Code Ann. § 40-30-102. The trial court also found that the part of the petition requesting DNA analysis was not a proper ground for relief under the Post-Conviction DNA Analysis Act of 2001 because incest is not a lesser included offense of any of the offenses for which post-conviction DNA testing is provided under the statute.

We affirm the trial court's summary dismissal of Petitioner's claims that his guilty plea was invalid because his trial counsel was ineffective. Claims for post-conviction relief must be filed "within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102. We will address Petitioner's assertion that the trial court should have granted his request for post-conviction DNA analysis, but we conclude that the trial court properly denied Petitioner's request based on the following analysis.

A petitioner who is otherwise barred from seeking post-conviction relief by the applicable statute of limitations may still request DNA analysis under the Post-Conviction DNA Analysis Act of 2001. Tennessee Code Annotated section 40-30-303 provides:

> [A] person convicted of and sentenced for the commission of first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child, the attempted commission of any of these offenses, any lesser included offense of these offenses, or at the direction of the trial judge, any other offense, may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-303.

The State argues that Petitioner has waived the issue by not filing a petition specifically requesting DNA analysis under the statute. The State further argues that even if this Court construed the post-conviction petition as a request for DNA analysis, the trial court properly declined to consider an offense that is not expressly provided for in the statute.

In its written order, the trial court, relying upon *State v. Brittman*, 639 S.W.2d 652 (Tenn. 1982); *State v. Trusty*, 919 S.W.2d 305 (Tenn. 1996); and *Howard v. State*, 578 S.W.2d 83 (Tenn. 1979), concluded that incest is not a lesser included offense of any of the offenses listed in the statute. The cases cited by the trial court to support its conclusion were all decided prior to the supreme court's decision in *State v. Burns*, 6 S.W.3d 453 (Tenn. 1999). The analysis must be pursuant to *Burns*. In his brief, Defendant does not cite any authority for the proposition that incest

is a lesser included offense of aggravated rape, rape, aggravated sexual battery, or rape of a child. Defendant simply argues that the offense of incest is "similar" to the sexual offenses listed in Tenn. Code Ann. § 40-30-303.

In *State v. Burns*, our supreme court established the test for determining whether an offense is a lesser included offense. The court stated:

> An offense is a lesser included offense if:
>
> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
>
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
>
>> (1) a different mental state indicating a lesser kind of culpability; and/or
>> (2) a less serious harm or risk of harm to the same person, property or public interest; or
>
> (c) it consists of
>
>> (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
>> (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
>> (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

*Id.*, 6 S.W.3d at 466-67.

Clearly, the offense of incest is not a lesser included offense of any of the offenses listed in Tenn. Code Ann. § 40-30-303 under part (c) of the *Burns* test as it is not a facilitation, attempt, or solicitation. The statute proscribing incest requires proof of sexual penetration between persons of an enumerated level of kinship, but makes no reference to the age of the victim. *See* Tenn. Code Ann. § 39-15-302. The offense of incest thus requires proof of an element that is not required for the offenses of aggravated rape, rape, aggravated sexual battery or rape of a child. *See* Tenn. Code Ann. §§ 39-13-502, -503, -504, -522. Therefore, incest is not a part (a) lesser included offense under the *Burns* test. The essential element of incest that a kinship exist between the defendant and the victim does not constitute a different mental state or a less serious risk of harm. Therefore, incest is not a lesser included offense under part (b) of the test. We accordingly conclude that incest is not a lesser included offense of any of the offenses enumerated in Tenn. Code Ann. § 40-30-303.

Petitioner also argues that the trial court erred by not considering incest under the language in the statute which, Petitioner argues, gives the trial court "discretion" to order DNA analysis following a conviction for "any other offense." *See* Tenn. Code Ann. § 40-30-303. However, Petitioner misreads the statute, which states, "at the *direction* of the trial judge." *Id.* (Emphasis added). In the case *sub judice*, the trial court did not direct DNA analysis. We affirm the trial court's summary dismissal of Petitioner's request for DNA analysis under Tenn. Code Ann. § 40-30-303 because Petitioner was not convicted of one of the statutorily enumerated crimes or an attempt or lesser included offense thereof.

Furthermore, Petitioner does not list any specific evidence containing DNA and there is no proof in the record that such evidence is available for analysis. In order to satisfy a petitioner's request for DNA testing based on the Post-Conviction DNA Analysis Act, there must be evidence in existence which is amenable to DNA testing. *See Ricky Flamingo Brown, Sr. v. State*, No. M2002-02427-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 528, (Tenn. Crim. App. at Jackson, June 13, 2003), *perm. to app. denied* (Tenn. 2003). The Post-Conviction DNA Analysis Act provides that a person convicted of one of the enumerated offenses, or an attempt or lesser included offense thereof, may request "forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence." Tenn. Code Ann. § 40-30-303. Furthermore, after the State has had an opportunity to respond to a petitioner's request for DNA analysis, a trial court must order DNA analysis when the following four conditions are met:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
>
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
>
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
>
> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-304.

Presumably, Petitioner's daughter, who is the mother of the child alleged to have been born as a result of the offense in this case, would have to consent to having DNA samples taken from herself and the child. There is no proof in the record that the State possesses, or ever possessed, any

DNA evidence, and absent a transcript of the guilty plea hearing, we cannot determine whether a reasonable probability exists that the evidence would have precluded prosecution or conviction. This Court has held that the statute permits DNA analysis only of the petitioner's own DNA samples compared with biological specimens gathered at the time of the offense and only where all four statutory criteria are satisfied. *Earl David Crawford v. State*, No. E2002-02334-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 672, (Tenn. Crim. App. at Knoxville, filed August 4, 2003), *perm. to app. denied* (Tenn. 2003). Accordingly, Petitioner is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE