IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 5, 2008

## STATE OF TENNESSEE v. NANCY BLUE

**Appeal from the Circuit Court for Haywood County**
**No. 5797     Clayburn Peeples, Judge**

---

**No. W2008-00187-CCA-R3-CD  - Filed April 23, 2009**

---

The defendant, Nancy Blue, appeals as of right her jury convictions for two counts of rape of a child and two counts of incest.  She received sentences of twenty-five years for each rape of a child conviction and six years for each incest conviction.[1]  The rape of a child sentences were ordered to be served consecutively and the incest convictions were ordered to be served concurrently, for a total effective sentence of fifty years.   The defendant argues that the evidence is insufficient to support her convictions and that the trial court imposed an excessive sentence both in length and manner of service.  Following our review, we affirm the convictions but remand for the entry of modified and corrected judgments consistent with this opinion.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgments of the Circuit are Affirmed in Part;
Reversed in Part; Case Remanded.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, and NORMA McGEE OGLE, JJ., joined.

Tom W. Crider, District Public Defender; and J. Diane Blount, Assistant District Public Defender, attorneys for appellant, Nancy Blue.

Robert E. Cooper, Jr., Attorney General & Reporter; David H. Findley, Assistant Attorney General; Garry Brown, District Attorney General; Jerald Campbell and Hal Dorsey, Assistant District Attorneys General, attorneys for appellee, State of Tennessee.

**OPINION**

---

[1] We note that the judgment for Count Six erroneously reflects a sentence of five years but the transcript clearly reflects that the trial court imposed sentences of six years for each count of incest. When a discrepancy exists between an order in the technical record and the transcript, the transcript controls. State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991).

The defendant's convictions arose from reports that she sexually abused L.R. and R.B., her two oldest sons.[2] The indictments allege a wide period of time during which the defendant committed the rape of a child offenses – January 1, 1999 until April 4, 2005 for L.R. and January 1, 1999 until March 9, 2004 for R.B.. The State's proof at trial consistently solely of the testimony of the victims. The defendant presented no proof.

L.R., fifteen years old at the time of trial, testified that his mother began "sexually raping" him at the age of seven with the last incident occurring sometime shortly after his thirteenth birthday on April 5, 2005, but before the end of the school year. He stated that his mother would often perform oral sex on him and force him to perform oral sex on her. He testified that he had penile intercourse with his mother also. He recalled that his mother also raped his older brother, R.B., but not as often. He testified that his mother raped him two to four times each month and that he had lost count of how many times it had occurred. L.R. initially did not realize it was wrong; once when he told the defendant he did not want to participate, she counted to three and threatened to whip him if he did not obey her. He stated that he often saw his mother having sex with her boyfriends and that she had watched pornographic videos with him and his brother. He admitted that he reported the abuse to his grandmother on December 19, 2005, after his mother threatened to whip him about some jewelry she accused him of stealing. However, L.R. explained that he wanted to move out of the defendant's house because "I didn't like her. . . . Me and my brothers made a team and we cared for our little brother and we stayed in the house most of the time, and I just got tired of it and I didn't want to live with her anymore. . . . After that whipping I kn[e]w that it was going to happen over and over again and that she was going to rape me over and over again even if – even after I said I didn't want to do it." L.R. also testified that he heard the defendant admit the abuse to his grandmother and aunt.

R.B., sixteen years old at the time of trial, testified that he had penile intercourse with his mother. He also stated that she performed oral sex on him and forced him to perform oral sex on her. He recalled that the abuse began when he was nine or ten years old. He stated that they had sex two or three times. The abuse stopped when he and his brother told their grandmother.

Based upon this evidence, the jury found the defendant guilty of rape of a child, rape, and incest regarding offenses committed against L.R.. The jury also found the defendant guilty of rape of a child and incest regarding offenses committed against R.B..

ANALYSIS

*Sufficiency of the Evidence*

The defendant argues that the evidence is insufficient to support her convictions for rape of a child. Specifically, she argues that "[e]xcept for their testimony, there is no evidence in the record to establish that the defendant had incestuous relations with these two boys who both testified that they were unhappy with their home situation and wanted to move from their mother's home." The

---

[2] L.R. testified that his birthdate is April 5, 1992. R.B. testified that his birthdate is March 10, 1991.

-2-

State argues that the proof establishes the defendant's guilt for these offenses. Following our review, we agree with the State.

An appellate court's standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (emphasis in original). The appellate court does not reweigh the evidence; rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). A guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt, and on appeal the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict. Id.; State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

Initially we note that the judgments reflect that the trial court merged the rape conviction into the incest conviction with respect to the offenses committed against L.R.. However, because these offenses are legally and factually distinct, we conclude that the trial court erroneously merged the rape conviction into the incest conviction. State v. Brittman, 639 S.W.2d 652, 654 (Tenn. 1982); William Hackworth v. State, M2003-02148-CCA-R3-PC, 2004WL1686610, at *3 (Tenn. Crim. App. July 28, 2004) (incest is not a lesser included offense of rape; both convictions are appropriate). Accordingly, upon remand the trial court shall enter a judgment reflecting the jury's verdict in Count Two convicting the defendant of rape, a Class B felony.

A conviction for rape of a child requires proof beyond a reasonable doubt that (1) the defendant unlawfully sexually penetrated the victim, (2) who was less than thirteen years old, and that (3) the defendant acted intentionally, knowingly, or recklessly. Tenn. Code Ann. § 39-13-522 (2003). Sexual penetration is defined, in relevant part, as an "sexual intercourse, cunnilingus, [or] fellatio." Tenn. Code Ann. § 39-13-501(7). Essentially, the defendant's argument on appeal asks this court to assess the credibility of the victims' testimony and conclude that the offenses did not occur. As stated previously, this is something we are precluded from doing. The jury chose to accredit the victims' testimony. The requisite elements of rape of a child are established by the victims' testimony. Likewise, the requisite elements of rape are established by L.R.'s testimony that the last time that the defendant forced him to have sex was shortly after his thirteenth birthday before the end of the school year. Additionally, since the defendant has not contested that she is the biological mother of the victims, the requisite elements of incest are also established. Therefore, we conclude that the evidence is sufficient to support the convictions.

*Sentencing*

-3-

The trial court increased the defendant's sentences for rape of a child to the maximum twenty-five years based upon its application of enhancement factors involving the victims' particular vulnerability due to age and that the crime was committed to gratify the defendant's desire for pleasure or excitement. Tenn. Code Ann. § 40-35-114(4) and (7). The defendant argues that the trial court erroneously applied these factors because they were not supported by the evidence. The State asserts that the trial court appropriately applied the enhancement factors and that the maximum sentence was warranted.

An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2006). As the Sentencing Commission Comments to this section note, on appeal the burden is on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, the court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review,

> [T]he trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence.

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994) (citation omitted); see Tenn. Code Ann. § 40-35-210(e) (2006).

In conducting its de novo review, the appellate court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, (7) the potential for rehabilitation or treatment, and (8) any statistical data provided by the Administrative Office of the Courts regarding sentencing for similar offenses in Tennessee. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2006); see also Ashby, 823 S.W.2d at 168; Moss, 727 S.W.2d at 236-37.

The defendant stands convicted of offenses that all occurred before the 2005 revision to the Criminal Sentencing Reform Act. At the onset, we note that both parties failed to recognize that the trial court's increase of the defendant's sentences beyond the presumptive minimum violated our

supreme court's holding in State v. Gomez, 239 S.W.3d 733 (Tenn. 2007) wherein the court held that:

> the [1989 Criminal Sentencing] Reform Act failed to satisfy the Sixth Amendment insofar as it allowed a presumptive sentence to be enhanced based on judicially determined facts. That is, to the extent the Reform Act permitted enhancement based on judicially determined facts other than the fact of a prior conviction, it violated the Sixth Amendment as interpreted by the Supreme Court in Apprendi [v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000)], Blakely [v. Washington, 542 U.S. 296, 125 S. Ct. 2531 (2004)] and Cunningham [v. California, 549 U.S. 270, 127 S. Ct. 856 (2007)].

Gomez, 239 S.W.3d at 740. Having concluded that the enhancement of the defendant's sentences beyond the presumptive minimum based upon judicially determined facts violated the defendant's Sixth Amendment rights, we need not address the propriety of the trial court's application of enhancement factors. Therefore, the defendant's sentences for each count of rape of a child should be modified to the presumptive minimum sentence of twenty years. We also note that the defendant makes no argument regarding the application of enhancement factors to the defendant's sentences for incest. However, based upon our conclusion that the rape of a child sentences violated Gomez, we similarly conclude that the sentences for each count of incest should be modified to the presumptive minimum sentence of three years. Likewise, we instruct the trial court to be mindful of Gomez in its determination of an appropriate sentence for the rape case, Count Two, that this court has directed to be reinstated upon remand.

*Consecutive Sentencing*

The trial court ordered the defendant's twenty-five year sentences for rape of a child to be served consecutively to one another with the sentences for incest to be served concurrently to the rape of a child sentences, resulting in an effective sentence of fifty years. The defendant argues that the imposition of consecutive sentences was improper. We disagree.

Consecutive sentencing is guided by Tennessee Code Annotated section 40-35-115(b), which states, in pertinent part, that the trial court may order sentences to run consecutively if it finds by a preponderance of the evidence that "[t]he defendant is convicted of two or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims." Tenn. Code Ann. § 40-35-115(b)(5) (2006). The trial court is required to "specifically recite the reasons" behind imposition of a consecutive sentence. See Tenn. R. Crim. P. 32(c)(1); see, e.g., State v. Palmer, 10 S.W.3d 638, 647-48 (Tenn. Crim. App. 1999) (noting the requirements of Rule 32(c)(1) for purposes of consecutive sentencing). In imposing the consecutive sentences, the trial court stated that "it is the public's desire through the Legislature that in cases like this the sentences run consecutively and so I decree that they should do that." We conclude that, although the defendant was convicted of two offenses involving the sexual abuse of minors, the trial court's findings were insufficient regarding its consideration of the

circumstances listed in Tennessee Code Annotated section 40-35-115(b). However, the record in this case reveals that the two victims, ages seven and nine when these offenses began, were raped repeatedly by their mother for a period of over five years. The victim impact statements reflect that the victims suffered significant mental stress due to the abuse, affecting their school work and behavior. The scope of the sexual activity involving the defendant's younger son, L.R., was particularly extensive and prolific. Thus, the trial court's imposition of consecutive sentences in this case was proper.

However, our review of the record reveals that the judgments do not correctly reflect the trial court's imposition of consecutive sentences. When a discrepancy exists between an order in the technical record and the transcript, the transcript controls. State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991). Upon remand, the judgments shall be corrected as follows:

| | | | |
|---|---|---|---|
| Count One | Rape of a Child | 20 years | concurrent with Count Three<br>consecutive to Counts Four and Six |
| Count Three | Incest | 3 years | concurrent with Count One<br>consecutive to Counts Four and Six |
| Count Four | Rape of a Child | 20 years | concurrent with Count Six<br>consecutive to Counts One and Three |
| Count Six | Incest | 3 years | concurrent with Count Four<br>consecutive to Counts One and Three |

**CONCLUSION**

In consideration of the record and arguments of counsel, the judgment of the trial court is affirmed in part and reversed in part. We remand the case for the correction of judgments to reflect sentences of twenty years for each rape of a child conviction (Counts One and Four) and three years for each incest conviction (Counts Three and Six); we affirm the trial court's imposition of consecutive sentences but order correction of the judgments to reflect properly the sentences imposed by the trial court as explained above; we reverse the trial court's merger of the rape conviction into the incest conviction and order that a judgment of conviction be entered reflecting the jury's verdict in Count Two for rape, a Class B felony; relative to the rape conviction in Count Two, the case is remanded for the trial court to determine the appropriate sentence with consideration of Blakely and Gomez and appropriate manner of service.

_____
D. KELLY THOMAS, JR., JUDGE